IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION

CIVIL CASE NO. 2:07cv23
[CRIMINAL CASE NO. 2:04cr38]

| | | |
|---|---|---|
| LONNIE MACK OGLESBEE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | O R D E R |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the Court on the Petitioner's Motion for Due Process [Doc. 26], Motion for Trial File to be Forwarded to Petitioner [Doc. 27], Motion to Subpoena Reports from the Department of Social Services [Doc. 29], Motion to Prove to the Court Sincerity of Hunger Strike [Doc. 30], Motion to the Court Submitting Evidence [Doc. 33], and Motion Submitting to the Court Newly Discovered Evidence [Doc. 34].

On July 21, 2008, the Petitioner filed a response to the Government's motion for summary judgment. [Doc. 25]. The response exceeds 200 pages in length. [Id.]. The response was timely filed because the Petitioner

had been provided an extension of time within which to file through July 31, 2008. [Doc. 20]. As a result, the first motion which seeks assistance in getting the response mailed is moot. Likewise, the second motion in which the Petitioner asks that his attorney be instructed to forward his file is moot in view of the filing of the response.

The Petitioner seeks to subpoena records allegedly compiled in 1987 by the North Carolina Department of Social Services. [Doc. 29]. The Petitioner's convictions stem from events which occurred in 2003 and 2004. The records are therefore irrelevant.

The Petitioner claims in his next motion that he began a hunger strike in 2008 because his jailors would not mail his response to the Government's motion for summary judgment. [Doc. 30]. Since the response was both mailed and filed, this motion is also moot.

The next two motions have nothing to do with this case but appear to be the Petitioner's objection to his wife's divorce action against him. [Doc. 33; Doc. 34].

The Court finds that these documents are frivolous filings and the Petitioner is placed on notice that the Court will not continue to entertain frivolous filings. The Petitioner's motion pursuant to 28 U.S.C. §2255 is under advisement and will be considered in due course. Filings such as

those addressed herein do nothing to speed the process of consideration and prisoners do not have an absolute and unconditional right of access to the courts in order to present frivolous, malicious, abusive or vexatious motions. <u>Demos v. Keating</u>, 33 Fed.Appx. 918 (10th Cir. 2002); <u>Tinker v. Hanks</u>, 255 F.3d 444, 445 (7th Cir. 2001), *certiorari denied* 535 U.S. 956, 122 S.Ct. 1362, 152 L.Ed.2d 357 (2002); *In re* <u>Vincent</u>, 105 F.3d 943 (4th Cir. 1997). District courts have inherent power to control the judicial process and to redress conduct which abuses that process. <u>Silvestri v. General Motors Corp.</u>, 271 F.3d 583, 590 (4th Cir. 2001) (citation omitted). These motions are dismissed as moot and frivolous and the Petitioner is cautioned against future such filings.

**IT IS, THEREFORE, ORDERED** that the Petitioner's Motion for Due Process [Doc. 26], Motion for Trial File to be Forwarded to Petitioner [Doc. 27], Motion to Subpoena Reports from the Department of Social Services [Doc. 29], Motion to Prove to the Court Sincerity of Hunger Strike [Doc. 30], Motion to the Court Submitting Evidence [Doc. 33], and Motion Submitting to the Court Newly Discovered Evidence [Doc. 34] are hereby **DENIED**.

Signed: May 14, 2010

Martin Reidinger
United States District Judge