IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION

CIVIL CASE NO. 2:07cv23
[Criminal Case No. 2:04cr38]

| | |
|---|---|
| LONNIE MACK OGLESBEE, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Defendant. )<br>_____) | **O R D E R** |

**THIS MATTER** is before the Court on the Petitioner's *pro se* Motion for Assistance Concerning Misconduct of Staff at Tucson, Arizona [Doc. 35]; Motion for Court Assistance Concerning Staff Misconduct at Tucson Penitentiary [Doc. 36]; Motion for the Court to Compel Tucson USP to Give Me All of My Legal Materials [Doc. 37]; Motion for the Court to Grant Me Due Process at Tucson Penitentiary [Doc. 38]; numerous submissions which are not formal motions [Docs. 39, 40, 41, 42 and 43]; Motion to the Court Concerning Questions about the Staff at Lee County [Doc. 45]; and Motion for Appointment of Adequate Counsel [Doc. 46].

1

The Petitioner filed a motion pursuant to 28 U.S.C. §2255 on October 19, 2007. [Doc. 1]. That motion remains pending. In an obvious attempt to get the attention of the Court, the Petitioner has taken to making serial filings such as those at hand and those disposed of by Order entered May 17, 2010. [Doc. 44].

The Petitioner complains variously that a Native American inmate has been killed, he is concerned for his own safety and staff of the Bureau of Prisons (BOP) are involved in the death. [Doc. 35; Doc. 36]. He alleges that he has been denied access to his legal materials and the law library. [Doc. 37]. At the same time, the Petitioner does not want to be transferred to a different facility. [Doc. 38]. The Petitioner has included copies of letters written by him to BOP authorities. In other filings, he acknowledges that he has, in fact, received his legal materials. [Doc. 39-1]. He nonetheless complains that the food he is being served is tainted and that the toilet in his cell does not flush properly. [Doc 40].

Other filings show that the Petitioner has made formal complaints with the BOP which has processed the same. [Doc. 43-1, Doc. 43-2]. The Petitioner does not agree with the BOP decisions but has not taken the appropriate steps to seek review of the same. [Doc. 43-3]. Filings

submitted by the Petitioner show that when he has complained about safety issues, he has been placed in protective custody but also show that he has refused direct orders. [Doc. 43-4].

In a more recent filing, the Petitioner claims that he gave his motions to the BOP staff for mailing to this Court but has not gotten back copies of those filings. [Doc. 45]. Finally, he seeks court-appointed counsel to make sure that he receives copies of the documents he sends to this Court for filing and to help him with his "legal concerns." [Doc. 46].

To the extent that the Petitioner complains about the conditions of his confinement in Arizona, he must exhaust all administrative remedies available through the BOP before seeking court intervention. Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002) (discussing Prison Litigation Reform Act); Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674 (4th Cir. 2005). Moreover, the Petitioner's complaints about the conditions of his confinement are not properly raised in the context of a motion to vacate, set aside or correct sentence. Id.; Muhammad v. Close, 540 U.S. 749, 124 S.Ct. 1303, 158 L.Ed.2d 32 (2004).

To the extent that the Petitioner complains about the execution of his sentence, "[w]henever a [] habeas petitioner seeks to challenge his present

physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." Rumsfeld v. Padilla, 542 U.S. 426, 447, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004); United States v. Hinton, 347 Fed.Appx. 885 (4th Cir. 2009); United States v. Poole, 531 F.3d 263, 273-74 (4th Cir. 2008) (court that originally sentenced petitioner did not have jurisdiction over habeas petition); United States v. Little, 392 F.3d 671, 680 (4th Cir. 2004), *modified on other grounds* United States v. Urutyan, 564 F.3d 679 (4th Cir. 2009); Willis v. United States, 2009 WL 3150301 (W.D.N.C. 2009), *affirmed* 2010 WL 675554 (4th Cir. 2010).

By Order entered May 17, 2010, the Petitioner was warned against making frivolous filings. It appears that these motions were filed prior to receipt by the Petitioner of that Order. However, the Petitioner is hereby placed on notice that the Court will not entertain frivolous filings. Prisoners do not have an absolute and unconditional right of access to the courts in order to prosecute frivolous, malicious, abusive or vexatious motions. Demos v. Keating, 33 Fed.Appx. 918 (10th Cir. 2002); Tinker v. Hanks, 255 F.3d 444, 445 (7th Cir. 2001), *certiorari denied* 535 U.S. 956, 122 S.Ct. 1362, 152 L.Ed.2d 357 (2002); *In re* Vincent, 105 F.3d 943 (4th Cir. 1997).

District courts have inherent power to control the judicial process and to redress conduct which abuses that process. Silvestri v. General Motors Corp., 271 F.3d 583, 590 (4th Cir. 2001) (citation omitted). "It is well-established law in this circuit that a district court may establish a system of 'pre-filing review of complaints brought by prisoners with a history of litigiousness.'" In re Burnley, 988 F.2d 1, 3 (4th Cir. 1992) (citation omitted).

The Defendant is hereby warned that future frivolous filings will result in the imposition of a pre-filing review system. Cromer v. Kraft Foods North America, Inc., 390 F.3d 812 (4th Cir. 2004); Vestal v. Clinton, 106 F.3d 553 (4th Cir. 1997). If such a system is placed in effect, pleadings presented to the Court which are not made in good faith and which do not contain substance, will be summarily dismissed as frivolous. Foley v. Fix, 106 F.3d 556 (4th Cir. 1997); *In re* Joseph Marion Head, 19 F.3d 1429 (4th Cir. 1994), *certiorari denied* 513 U.S. 999, 115 S.Ct. 508, 130 L.Ed.2d 416 (1994). Thereafter, if such writings persist, the pre-filing system may be modified to include an injunction from filings. See, 28 U.S.C. §1651(a); *In re* Martin-Trigona, 737 F.2d 1254 (2d Cir. 1984).

**IT IS, THEREFORE, ORDERED** that the Petitioner's *pro se* Motion for Assistance Concerning Misconduct of Staff at Tucson, Arizona [Doc. 35]; Motion for Court Assistance Concerning Staff Misconduct at Tucson Penitentiary [Doc. 36]; Motion for the Court to Compel Tucson USP to Give Me All of My Legal Materials [Doc. 37]; Motion for the Court to Grant Me Due Process at Tucson Penitentiary [Doc. 38]; Motion to the Court Concerning Questions about the Staff at Lee County [Doc. 45] and Motion for Appointment of Adequate Counsel are hereby **DENIED**.

Signed: June 21, 2010

Martin Reidinger
United States District Judge